

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2006

# Corliss v. O'Brien

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4799

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Corliss v. O'Brien" (2006). *2006 Decisions.* Paper 429.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/429

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4799
_____

JUSTIN M. CORLISS,

Appellant

v.

PETER O'BRIEN; RONALD VICAN;
BRIAN GERMANO; PETER QUIGLEY;
JOHN P. LAVELLE

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 05-cv-00347)
District Judge: Honorable John E. Jones, III
_____

Submitted Under Third Circuit LAR 34.1(a)
September 14, 2006

Before: MCKEE, FUENTES AND NYGAARD, CIRCUIT JUDGES

(Filed: September 20, 2006)

_____

OPINION
_____

PER CURIAM.

        In February 2005, Justin M. Corliss, a prisoner, filed a pro se civil rights

complaint. Corliss claims that the defendants fraudulently misrepresented facts in appeals

of various civil actions he filed in state court. He contends that defendants O'Brien, Vican, and Lavelle retaliated against him for attempting to redress his grievances "by penning opinions that have no basis in law or fact..." causing dismissal of his suits and denial of access to the courts. Corliss also alleges that the defendants conspired to deprive him of his constitutionally protected rights by "ignor[ing] facts of record, the law and constitutionally protected rights and privileges of the Plaintiff," and by "penning baseless opinions, denying Plaintiff access to the courts, delaying and obfuscating Plaintiff's actions at law and covering up the criminal conduct of the defendants in general through their abuse of their power and authority." He asserts that the state court wrongly imposed a pre-filing injunction. He is seeking declaratory relief and damages against the attorneys who represented him in state court criminal and post-conviction proceedings and several state court judges.

The District Court dismissed <u>sua</u> <u>sponte</u> the complaint without prejudice pursuant to 28 U.S.C. § 1915A.[1] Corliss filed a motion for reconsideration, which the District Court denied. Corliss timely appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of

---

[1] We have jurisdiction to consider this appeal. The District Court determined, in part, that <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), precluded Corliss's claims, and thus, it dismissed the complaint without prejudice. Because the judicial defendants enjoy absolute immunity from Corliss's claims for damages and injunctive relief and the defense counsel defendants are not state actors for § 1983 purposes, however, effective amendment of the complaint is not available to Corliss, and thus, the order appealed is a final and appealable order. <u>Borelli v. City of Reading</u>, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam).

review of the District Court's dismissal under § 1915A is plenary. "We must determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief, and we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citation omitted). We will affirm.

We need not address whether the rule in Heck precludes some of Corliss's claims at this time because the allegations challenging the validity of his criminal conviction and sentence fail to state a claim upon which relief can be granted on the same grounds as his non-criminal trial related allegations: judicial immunity and lack of state action on the part of the public defender defendants.[2]

Corliss asserts that Common Pleas Court Judges O'Brien and Vican frustrated his pursuit of post-conviction relief by falsely deciding that the issues presented were barred as previously litigated. He alleges further that Judge Vican, in a legal malpractice suit against Quigley, in which Corliss named Judge Vican as a co-conspirator, wrongly denied Corliss's discovery request and refused to issue default judgment when Quigley failed to file a timely Answer. He asserts that Judge O'Brien made two erroneous jury instructions at his criminal trial, wrongly denied de novo review of the criminal complaint in which he was the named defendant, and declined to grant Corliss in forma pauperis status to

---

[2] It appears that Corliss cannot satisfy the rule in Heck, in any event. This Court recently denied a certificate of appealability in Corliss's appeal of the District Court's order denying § 2254 relief. Corliss v. Folino, C.A. No. 05-4922 (3d Cir. Jun. 2, 2006).

3

proceed in a number of legal malpractice actions Corliss brought in state court. Corliss

claims that Judge Lavelle wrongly denied post-conviction relief on the ground that the

claims had been previously litigated.

We conclude that all of these claims are barred by the doctrine of absolute judicial

immunity.[3] A judicial officer in the performance of his duties has absolute immunity

from suit. Mireles v. Waco, 502 U.S. 9, 12 (1991). "A judge will not be deprived of

immunity because the action he took was in error, was done maliciously, or was in excess

of his authority; rather, he will be subject to liability only when he has acted in the 'clear

absence of all jurisdiction.' " Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citation

omitted).

Corliss has not set forth any facts that would show that the judicial defendants'

actions were taken in clear absence of their jurisdiction. When Judge O'Brien denied the

private criminal complaint Corliss filed against him, he acted within his jurisdiction to

review private criminal complaints pursuant to Pennsylvania Rule of Criminal Procedure

506(B)(2). Judge Vican also acted within his jurisdiction in denying pre-trial motions in

a legal malpractice suit naming him as a co-conspirator. Corliss does not frame his

---

[3] Corliss failed to state a civil rights conspiracy claim against the judicial defendants, in any event. Assuming the truth of the allegations and giving them the most liberal construction possible, the complaint simply fails to identify anything more than single rulings made by individual judges. The fact that the judicial defendants denied Corliss's requests for relief in his various lawsuits and post-conviction proceedings does not give rise to an inference of an understanding or agreement among them to deprive Corliss of a constitutionally protected right.

4

claims as a failure to recuse; even if he had, a judge's decision not to recuse himself from a case in which he holds a personal interest is itself an exercise of judicial authority protected by the doctrine of absolute immunity.

As for defendant Germano, Corliss maintains that, at trial, Germano failed to object to erroneous jury instructions and failed to investigate DNA evidence. In April 2000, Germano allegedly perjured himself at a post-conviction evidentiary hearing when he testified that he had not presented an alibi defense. According to Corliss, post-conviction counsel, Quigley, did nothing to stop the alleged perjury. He contends that, after the hearing, Germano made statements to the press that were published in the Pocono Record Newspaper.

With the exception of allegations pertaining to Germano as a witness, the allegations against defendants Germano and Quigley pertain to their representation of the defendant in state court criminal and post-conviction proceedings. Their representation, alone, does not render either of them a "person acting under color of state law" under § 1983. See Polk v. County of Dodson, 454 U.S. 312, 325 (1981) (a private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing his function as counsel). Moreover, we find no nexus between the judicial defendants and counsel such that Germano and Quigley may be fairly treated as "state actors." As for Corliss's allegations that Germano perjured himself at a post-conviction evidentiary hearing and made post-hearing statements to the press, he fails to state a claim upon which relief may be granted because Germano was not "acting under color of state

5

law" when he testified as a witness or talked to the press.

Corliss would be entitled to relief on his § 1983 conspiracy claim against Germano and Quigley if these defendants had reached an understanding with at least one of the judicial defendants to deny Corliss a constitutionally protected right. See Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993). "Establishing the existence of this 'understanding,' however, is really nothing more than another way to show state action as required by § 1983 when a private party is alleged to have violated that statute." Id. The Complaint is devoid of any facts from which one could infer that Germano and Quigley had an understanding or an agreement with either judicial defendant to conspire against Corliss.

For these reasons, the District Court properly concluded that Corliss could not pursue his claims for damages against the defendants.

That leaves Corliss's request for declaratory relief.[4] To the extent that Corliss seeks injunctive relief, the 1996 amendment to § 1983 bar Corliss's claims for injunctive relief against the state court judges. But the 1996 amendment does not alter case law

---

[4] Corliss's complaint contains the following requests for declaratory relief: "(4) that the Defendants' conduct be declared to be in violation of the penal laws of the Commonwealth of Pennsylvania and contrary to the peace and dignity thereof; (5) That the conduct Defendants O'Brien, Vican, and Lavelle be declared to be unjust and a manifest injustice would occur if the decisions, opinions and orders issued by them are followed as they have no basis in fact or law and are contrary to the facts of record; (6) That the court issue a declaration that Plaintiff's constitutionally protected rights have been violated." Requests (4) and (5) relate to matters of state law for which the District Court apparently declined to exercise supplemental jurisdiction.

regarding the availability of declaratory relief against judicial officers. See Brandon E. ex rel. Listenbee v. Reynolds, 210 F.3d 194, 197-198 (3d Cir. 2000). We believe that Corliss is not seeking declaratory relief in the true legal sense, however. See Fed. R. Civ. P. 57; 28 U.S.C. § 2201. In his complaint, Corliss asks that the District Court "declare" that his constitutional rights were violated. Declaratory judgment is inappropriate solely to adjudicate past conduct. Gruntal & Co., Inc. v. Steinberg, 837 F.Supp. 85, 89 (D. N.J. 1993). Nor is declaratory judgment meant simply to proclaim that one party is liable to another. See Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1553-54 (Fed. Cir. 1994) (en banc) (concluding that the plaintiff's prayer for a "declaration" of a regulatory taking was "different from a formal declaration under the Declaratory Judgement Act.").

Corliss argues that the District Court should have allowed him to amend his complaint before dismissing it sua sponte. Such an amendment would have been futile, however, because it would not have corrected the deficiencies in the complaint. The District Court did not abuse its discretion in denying the motion for reconsideration. Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). Upon careful review of Corliss's other arguments on appeal, we conclude that they are without merit.

Accordingly, we will affirm the judgment of the District Court.

7